UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WAYNE RIDENS, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>Defendant. | Case No.  2:20-cv-01769-JDP (SS)<br><br>ORDER |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 18 & 23.  The court grants plaintiff's motion, denies the Commissioner's, and remands for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed applications for DIB and SSI, alleging disability beginning June 4, 2017. Administrative Record ("AR") 206-18. After his applications were denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 30-48, 117-21, 131-37. On November 7, 2019, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-25. Specifically, the ALJ found that:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.
>
> 2. The claimant has not engaged in substantial gainful activity since June 4, 2017, the alleged onset date.
>
> 3. The claimant has the following severe impairments: obesity,

diabetes mellitus, congestive heart failure, hypertension, and depression.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.976(b) and 416.967(b), except he can occasionally climb stairs; he can have frequent, not constant, stooping; he must avoid hazards, such as unprotected heights and dangerous moving machinery; he is limited to performing routine, repetitive tasks; and he can have no more than occasional changes to work setting.

\* \* \*

6. The claimant is unable to perform any past relevant work.

\* \* \*

7. The claimant was born [in] 1967 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework support a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 4, 2017, through the date of this decision.

3

1  AR 15-25 (regulatory citations omitted).

2  Plaintiff requested review by the Appeals Council, which denied the request. AR 1-5. He

3  now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Analysis

Plaintiff raises two arguments. First, he argues that the ALJ improperly rejected his testimony about the severity of his limitations. ECF No. 18 at 7-12. Second, he argues that the ALJ erred in failing to develop the record. *Id.* at 12-14. The court agrees the ALJ erred in assessing plaintiff's testimony and remands on that basis. It does not reach plaintiff's remaining argument.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. The ALJ's reasons also must be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff testified that he suffers from daily back spasms and lower back pain, which are exacerbated by standing up, bending, and walking. AR 34-35. He stated that he uses a cane, that he can walk only twenty to thirty feet without a rest, and that prolonged walking causes swelling in his right leg. AR 35-36, 39-40. He also testified that he has difficulty lifting, AR 37, and that his mother assists him with laundry, cooking, and personal hygiene, AR 34.

The ALJ determined that plaintiff's allegations were inconsistent with plaintiff's reported activities, which included "doing some laundry" and being able to lift a 24-pack of water. AR 34. "Inconsistencies between a claimant's testimony and the claimant's reported activities provide a

1    valid reason for an adverse credibility determination." *Burrell v. Colvin*, 775 F.3d 1133, 1137-38
2    (9th Cir. 2014). However, "the Social Security Act does not require that claimants be utterly
3    incapacitated to be eligible for benefits." *Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir.
4    1996); *Garrison*, 759 F.3d at 1016 ("We have repeatedly warned that ALJs must be especially
5    cautious in concluding that daily activities are inconsistent with testimony about pain, because
6    impairments that would unquestionably preclude work and all the pressures of a workplace
7    environment will often be consistent with doing more than merely resting in bed all day."); *see
8    also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("[T]he mere fact that a plaintiff has carried
9    on certain daily activities . . . does not in any way detract from her credibility as to her overall
10   disability."). Thus, a claimant's daily activities bear on his or her credibility if and only if the
11   level of activity is inconsistent with claimed limitations. *See Reddick v. Chater*, 157 F.3d 715,
12   722 (9th Cir. 1998).

13   Here, the ALJ's rejection of plaintiff's testimony based on his daily activities was both
14   legally and factually improper. Although the ALJ identified two activities that purportedly
15   conflicted with plaintiff's testimony, he failed to specify what component of plaintiff's testimony
16   was undermined by his performance of these activities. *See Burrell*, 775 F.3d at 1138 (finding
17   that the ALJ erred by failing to "elaborate on which daily activities conflicted with which part of
18   Claimant's testimony"). More fundamentally, there is no apparent conflict between plaintiff's
19   testimony and the two activities identified by the ALJ. Plaintiff primarily alleged difficulty with
20   walking and standing for extended periods of time, which is not inconsistent with doing "some
21   laundry." Likewise, there is no inconsistency between plaintiff's alleged limitations and his
22   ability to lift a case of water. Notably, plaintiff relied on this activity to illustrate his limitations
23   when engaging in lifting: At the hearing, plaintiff was asked to describe the "kind of problems
24   [he had] with lifting." AR 37. Plaintiff explained that although he could lift a 24-pack of water,
25   it would be "very hard to pick up" and would result in back pain. AR 37-38.

26   The ALJ's only other basis provided for rejecting plaintiff's subjective complaints was
27   that the complaints are inconsistent with the medical evidence. AR 23. Without more, however,
28

5

this rationale does not support the ALJ's adverse credibility determination.[1]  *See Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.").

Thus, the ALJ failed to provide legally sufficient reasons for discounting plaintiff's symptom testimony.  This error warrants remand to allow for proper consideration of the evidence of record.  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 18, is granted.

2. The Commissioner's cross-motion for summary judgment is, ECF No. 23, denied.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated:    August 30, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner argues that the ALJ properly rejected plaintiff's testimony because plaintiff's treatment was conservative and there were periods of non-compliance. ECF No. 23 at 7-8.  The decision's summary of the medical records detailed plaintiff's treatment and noted instances of non-compliance. AR 21-22. The ALJ, however, did not specifically rely on that evidence to discount plaintiff's testimony, and this court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Bray v. Comm'r of Soc. Security Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").