UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. RIDENS, Sr., | Case No. 2:20-cv-01769-JDP |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |
| v. | |
| MARTIN O'MALLEY, Commissioner of Social Security, | ECF No. 26 |
| Defendant. | |

Plaintiff moves for an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 26. Plaintiff seeks a total of $7,642.47 for 35.01 hours of attorney work performed during 2020 to 2023, plus costs, based on the following breakdown: 2.42 hours during 2020 at the statutory-maximum hourly rate of $207.78; 31.37 hours during 2021 at the statutory-maximum hourly rate of $217.54; .5 hours during 2022 at the statutory-maximum hourly rate of $234.95; .72 hours during 2023 at the statutory-maximum hourly rate of $244.62; and postage costs in the amount of $21.30.[1] *See* ECF No. 26 at 1; ECF No. 26-3.

---

[1] The court has adjusted plaintiff's requested award from $7,640.63 to $7,642.47 in accordance with the Ninth Circuit's list of the statutory-maximum hourly rates authorized by the EAJA. In particular, the current rate for 2023 is $244.62, and not $242.78 as stated in plaintiff's motion. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, Ninth Circuit website, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited March 26, 2023); ECF No. 26-3 at 3.

1

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434.

Plaintiff was the prevailing party in this action. *See* ECF No. 24. Furthermore, the government has not filed an opposition to plaintiff's motion and therefore has failed to show that its position was substantially justified. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (holding that the burden of establishing substantial justification is on the government). The court has independently reviewed the record and finds that both the hourly rate and hours expended are reasonable in light of the results obtained.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney fees and costs, ECF No. 26, is granted.

2. Plaintiff is awarded attorney fees and costs under the EAJA in the amount of $7,642.47.

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, minus any offset if plaintiff has outstanding federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

IT IS SO ORDERED.

Dated:   April 4, 2024                          /s/ Jeremy Peterson
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3